ESTATE OF MARY A. CLUTE, DECEASED.

[No. 19,516; May 31, 1899.]

Administrator's Account—Trustee in Bankruptcy may Contest.— A trustee in bankruptcy of an heir has the right to contest an account of the administrator of the decedent.

Geo. W. Baker, for administrator.

P. L. Benjamin, in propriâ personâ, for contestant.

COFFEY, J.  On the filing of the annual account of E. R. Clute, the administrator of the estate of the above-named decedent, P. L. Benjamin appeared as trustee in bankruptcy of the said E. R. Clute, and filed exceptions to the account. E. R. Clute, the said administrator, is also the sole heir of the decedent, and the said Benjamin, as said trustee in bankruptcy of the said E. R. Clute, claims the right to contest the account. The administrator denies the right of the said trustee in bankruptcy to contest the account, and objects to the said trustee being heard on the settlement of the account. The objection thus made presents the questions to be determined by the court.

The present bankruptcy act provides (section 70), that: "The trustee of the estate of a bankrupt, upon his appointment and qualification, shall be vested by operation of law with the title of the bankrupt, as of the day he was adjudged a bankrupt, except, in so far as it is to property which is

exempt, to all (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him.''

E. R. Clute, as sole heir, prior to the filing of his petition in bankruptcy was the absolute owner, subject to the purposes of administration of the estate of the decedent, of all the property, real or personal, left by the decedent, and has the absolute right to transfer said property, subject, of course, to the purposes of administration of the estate, and, as the trustee of the estate of a bankrupt, under the provision of the bankruptcy act quoted, is vested by operation of law with the title of bankrupt, as of the day he was adjudged a bankrupt (except in so far as it is to property which is exempt), to all property which, prior to the filing of the petition in bankruptcy, the bankrupt could by any means have transferred, it follows that the trustee in bankruptcy stands vested with all the right, title and interest in the property of the estate of the decedent held by the said bankrupt at the time of the filing of the petition in bankruptcy, and, as such trustee, occupies the same position as the said bankrupt, or rather as any assignee or vendee of the bankrupt would have occupied in the event of an assignment or transfer prior to the filing of the petition in bankruptcy.

The question to be determined, therefore, depends upon whether an assignee or vendee of an heir of a decedent has the right to appear and be heard in court, as such assignee or vendee, on the settlement of an account of the administrator of the estate.

The Code of Civil Procedure, sections 1626 and 1635, provides that when an account is filed by an executor or administrator, ''any person interested in the estate'' may appear and file his exceptions in writing to the account and contest the same; and the supreme court of this state, in Garwood v. Garwood, 29 Cal. 520, has said: ''Doubtless, in a case like the present, which is to a certain extent a preliminary proceeding, the question rests very much in the discretion of the court, and any doubt as to the question of interest ought to be resolved in favor of the petitioner, and however remote

or contingent his interest may be, or, in other words, if he has the appearance of an interest, his right to contest ought not to be denied.''

This court, in Estate of Love, 1 Cof. Prob. Dec. 537, held, quoting from the syllabus in the case, that: ''A mortgagee of land inventoried in the estate under a mortgage made by the universal devisee and legatee of the testator is a party interested in the estate, and entitled to be heard upon the executor's accounts and on any distribution of the estate. Likewise, a judgment debtor of such universal devisee who has acquired, under execution upon the judgment, title to a parcel of realty inventoried in the estate is also a party interested in the estate; so, also, is a mortgage of such judgment debtor.''

Under these authorities it is perfectly clear that a trustee in bankruptcy of an heir of a decedent has the right to contest an account of the administrator of the decedent.

The objections of the administrator are therefore overruled.